# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

AARON MCCAIN )
    #1034185 )
            )
        Plaintiff, )       2:10-cv-01251-GMN-LRL
            )
vs. )
            )      **ORDER**
E. PALMER, *et al.*, )
            )
        Defendants. )
_____)

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted (docket #1). Plaintiff submitted a complaint on July 27, 2010 (docket #1-1) and an amended complaint on August 19, 2010 (docket #2). Plaintiff also filed a motion for appointment of counsel (docket #3).

**I. Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #3). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn,*

1   *supra*, 789 F.2d at 1331).  The district court has considerable discretion in making these findings.  The

2   court will not enter an order directing the appointment of counsel; plaintiff's motion is denied.

3          The court now reviews the amended complaint (docket #2).

4   **II.  Screening Standard**

5          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

6   prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

7   "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

8   is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

9   arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

10  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

11  where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

12  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

13  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

14         Dismissal of a complaint for failure to state a claim upon which relief may be granted is

15  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

16  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

17  Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

18  232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

19  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

20  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

21  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

22  suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the

23  court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*

24  *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and

25  resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

26         Allegations in a *pro se* complaint are held to less stringent standards than formal

1  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

2  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

3  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

4  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

5  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

6  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

7  allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

8  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate

9  when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

10  judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

11  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

12  complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

13  that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106

14  (9th Cir. 1995).

15          To sustain an action under section 1983, a plaintiff must show (1) that the conduct

16  complained of was committed by a person acting under color of state law; and (2) that the conduct

17  deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689

18  (9th Cir. 2006).

19  **III.  Instant Complaint**

20          Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP

21  Warden Anthony M. Scillia, Assistant Warden of Operations ("AWO") Jeffrey Patterson, acting

22  Assistant Warden of Programs ("AWP") Jennifer Nash, laundry room supervisor E. Palmer and Does

23  1and 2 unit case workers.  Plaintiff claims that when his boots fell apart, Palmer would only issue him

24  re-used boots, which he refused "for health and safety reasons."  Plaintiff states that Scillia, Patterson,

25  and Nash denied his grievances.  He claims that defendants have violated his Eighth Amendment rights

26  as well as his Fourteenth Amendment due process and equal protection rights.

3

1    At the outset, the court notes that, "Where a particular amendment 'provides an explicit

2  textual source of constitutional protection' against a particular sort of government behavior, 'that

3  Amendment, not the more generalized notion of "substantive due process," must be the guide for

4  analyzing [a plaintiff's] claims'." *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for

5  plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).  Therefore, plaintiff's claims will be

6  analyzed  under the Eighth Amendment right to be free from cruel and unusual punishment rather any

7  generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth

8  Amendment due process claim must be dismissed.

9    With respect to his Eighth Amendment allegations, the Eighth Amendment prohibits the

10  imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity,

11  civilized standards, humanity and decency."  *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  "After

12  incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual

13  punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078,

14  1084, 89 L.Ed.2d 251 (1986) (internal quotations omitted).  In order to meet the wantonness standard

15  in a conditions of confinement case, "the inmate must show that the prison officials were deliberately

16  indifferent to [his] suffering."  *Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir.1993) (en banc).

17  While "[t]he Constitution does not mandate comfortable prisons" (*Farmer v. Brennan*, 511 U.S. 825,

18  832 (1994), the denial of adequate clothing can inflict pain under the Eighth Amendment.  *Hoptowit v.*

19  *Ray*, 682 F.2d 1237, 1246 (9th Cir.1982).  However, plaintiff does not allege that the denial of new boots

20  instead of re-used boots caused him to suffer pain; he merely asserts that he rejected the re-used boots

21  as unsanitary.  Plaintiff's allegations fail to state a claim of cruel and unusual punishment in violation

22  of the Eighth Amendment.

23    Finally, plaintiff claims that other inmates were issued new boots, which he asserts

24  violates his Fourteenth Amendment right to equal protection.  "Prisoners are protected under the Equal

25  Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff*

26  *v. McDonnell*, 418 U.S. 539, 556 (1974).  Prisoners are also protected by the Equal Protection Clause

4

from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff's claims here are vague, and the court is unable to determine if he states an equal protection claim. Because his allegations may implicate his equal protection rights, however, he has leave to file an amended complaint.

If plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify how his equal protection rights have been violated, and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson*, 588 F.2d at 743. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis* (docket #1) without having to prepay the full filing fee is **GRANTED**; plaintiff shall not be required to pay an initial installment fee. Nevertheless, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or

the giving of security therefor.  This order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Aaron McCain, **Inmate No. 1034185** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk shall send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment due process claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's amended complaint (#2) is **DISMISSED** with leave to amend his Fourteenth Amendment equal protection claim as stated in this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this Order is entered to file his second amended complaint, if he believes he can correct the noted deficiencies.  The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the second amended complaint will no longer be before the court.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint

as such by placing the words "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:10-CV-01251-GMN-RJJ**, above the words "SECOND AMENDED"in the space for "Case No."

　　　　　**IT IS FURTHER ORDERED** that plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

　　　　　**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

　　　　　DATED this 12th day of November, 2010.

_____
Gloria M. Navarro
United States District Judge

7