1

2

3               **UNITED STATES DISTRICT COURT**

4                     **DISTRICT OF NEVADA**

5   AARON MCCAIN                    )
        #1034185                    )
6                                   )
            Plaintiff,              )        2:10-cv-01251-GMN-LRL
7                                   )
    vs.                             )
                                    )        **ORDER**
8   E. PALMER, *et al.*,            )
                                    )
9           Defendants.             )
    _____/

10

11          This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  On November

12  12, 2010, plaintiff's first amended complaint was dismissed with leave to amend his Fourteenth

13  Amendment equal protection claim only (docket #4).  It appears that plaintiff filed the same second

14  amended complaint twice, on November 23, 2010 (docket #7) and on December 22, 2010 (docket #8).

15  The court now reviews plaintiff's second amended complaint (docket #8).

16  **I.  Screening Standard**

17          Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

18  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

19  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

20  is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

21  arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

22  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

23  where the factual contentions are clearly baseless.  *Id*. at 327. The critical inquiry is whether a

24  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

25  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

26          Dismissal of a complaint for failure to state a claim upon which relief may be granted is

1    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

2    Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

3    Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

4    232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

5    elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

6    above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

7    (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

8    suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the

9    court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital*

10   *Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and

11   resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

12          Allegations in a *pro se* complaint are held to less stringent standards than formal

13   pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

14   519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

15   Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

16   prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

17   conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

18   infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

19   allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

20   *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, "a finding of factual frivolousness is appropriate

21   when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are

22   judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

23   When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the

24   complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

25   that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106

26   (9th Cir. 1995).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at High Desert State Prison ("HDSP"), has sued HDSP Warden Anthony M. Scillia, Assistant Warden of Operations ("AWO") Jeffrey Patterson, acting Assistant Warden of Programs ("AWP") Jennifer Nash, laundry room supervisor E. Palmer and Does 1and 2 unit case workers.

The court dismissed all claims in plaintiff's first amended complaint and granted him leave to amend only his Fourteenth Amendment equal protection claim (*see* docket #4). However, in his second amended complaint, he re-asserts only his claim that when he needed new boots prison personnel offered him re-used boots, which constitutes cruel and unusual punishment in violation of his Eighth Amendment rights. As this court previously dismissed plaintiff's Eighth Amendment allegations for failure to state a claim for which relief may be granted, plaintiff's second amended complaint is dismissed on the same basis.

## III. Conclusion

**IT IS THEREFORE ORDERED** that plaintiff's second amended complaint (docket #8) is **DISMISSED** for failure to state a claim for which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 28th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge

3